IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00059-MR-WCM

| | |
|---|---|
| RACHEL HOWALD, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　vs. )<br>)<br>BEN LIPPEN SCHOOL, an Assumed )<br>Business Name for Columbia )<br>International University (formerly )<br>known as Columbia Bible College), )<br>and PAMELA KAYE HERRINGTON, )<br>)<br>　　　　　Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Seal Documents Filed as Exhibits to Its [sic] Motion for Summary Judgment" [Doc. 50], as amended [Doc. 51].

The Plaintiff moves for leave to permanently file under seal Exhibits 2, 8, and 9 filed in support of her Motion for Summary Judgment. Exhibit 2 is the deposition of the Plaintiff; Exhibit 8 is an expert witness report related to the Plaintiff's abuse and the Defendant's liability; and Exhibit 9 is an expert witness report related to the Plaintiff's damages. As grounds for sealing, the Plaintiff states that these exhibits reference highly sensitive and protected health information of the Plaintiff, as well as confidential and

proprietary business information related to the Plaintiff's business. The Defendants do not oppose the Plaintiff's request to seal. [Doc. 51].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motions. The Plaintiff filed her motion on September 11, 2022, and her second motion on September 12, 2022, and such motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that the exhibits at issue highly sensitive and protected health information of the Plaintiff, as well as confidential and proprietary business information related to the Plaintiff's business, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing these exhibits, the Court concludes that sealing of these unredacted exhibits is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of the information contained therein. In the interest of maintaining the public's right of access to judicial pleadings, however, the Court will require the Plaintiff to file redacted versions of these exhibits in the record, redacting only those portions of the exhibits which specifically pertain to such sensitive and confidential information.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Seal Documents Filed as Exhibits to Its [sic] Motion for Summary Judgment" [Doc. 50], as amended [Doc. 51] is **GRANTED,** and Exhibits 2, 8, and 9 filed in support of the Plaintiff's Motion for Summary Judgment shall be filed under seal until further Order of this Court.

**IT IS FURTHER ORDERED** that within seven (7) days of the entry of this Order, the Plaintiff shall file redacted versions of Exhibits 2, 8, and 9 in the record of this case.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge