IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00059-MR-WCM

| | |
|---|---|
| **RACHEL HOWALD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **BEN LIPPEN SCHOOL, an Assumed** ) | |
| **Business Name for Columbia** ) | |
| **International University (formerly** ) | |
| **known as Columbia Bible College),** ) | |
| **and PAMELA KAYE HERRINGTON,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the parties' Motions to Seal [Docs. 61, 62, 66].

By the present motions, the parties move for leave to permanently file under seal their respective supplemental damages briefs and related attachments. [Docs. 61, 62, 66]. As grounds for sealing, the parties state that these materials reference highly sensitive and protected health information of the Plaintiff.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The Plaintiff filed her first motion on November 14, 2022, and her second motion on December 9, 2022; the Defendant filed her motion on November 28, 2022. All three

motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the materials at issue highly sensitive and protected health information of the Plaintiff, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing these exhibits, the Court concludes that sealing of these materials is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of the information contained therein.

**IT IS, THEREFORE, ORDERED** that the parties' Motions to Seal [Docs. 61, 62, 66] are **GRANTED,** and the following materials shall be filed and maintained under seal until further Order of this Court: the parties' supplemental damages briefs and related attachments and the Plaintiff's reply to the Defendant's supplemental damages brief and Plaintiff's Exhibits 14 and 15.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge